ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ORIENTAL BANK<br><br>Peticionarios<br><br>v.<br><br>YANITZA RIVERA RIVERA<br><br>Recurrido | **KLCE202401074** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Caguas<br><br>Civil Núm.:<br>E DC2016-0219<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 24 de octubre de 2024.

Comparece ante este foro, Oriental Bank (Oriental o "parte peticionaria") y nos solicita que revisemos una R*esolución* emitida por el Tribunal de Primera Instancia, Sala de Caguas, notificada el 5 de septiembre de 2024. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a una solicitud de sentencia enmendada instada por la parte peticionaria.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

### I.

El 16 de febrero de 2016, Scotiabank of Puerto Rico (Scotiabank) presentó una *Demanda* sobre ejecución de hipoteca por la vía ordinaria en contra de la Sra. Yanitza Rivera Rivera (señora Rivera o "la recurrida").[1] En esencia, alegaron que la recurrida era dueña de un bien inmueble ubicado en el Municipio de Caguas, y que

---
[1] *Demanda*, anejo IX, págs. 28-30 de apéndice del recurso.

sobre la propiedad se constituyó un pagaré hipotecario por la suma principal de $132,000.00. Señalaron que, la hipoteca estaba inscrita o pendiente de inscribir en el Registro de la Propiedad. Finalmente, alegaron que la recurrida debía la cantidad de $117,667.06 del monto principal, además de otras sumas.

Luego de varias incidencias procesales, el foro primario mediante *Sentencia* notificada el 10 de enero de 2017, declaró *Con Lugar* la *Demanda* y, en consecuencia, condenó a la recurrida a pagar los $117,667.06 por el principal, más otras partidas.[2] A su vez, indicó que se reservaba los pronunciamientos de rigor relacionados con la ejecución de hipoteca hasta que Scotiabank sometiera evidencia demostrativa de que la hipoteca en cuestión hubiese sido debidamente inscrita en el Registro de la Propiedad.

Varios años después, el 5 de enero de 2024, la parte peticionaria presentó una *Moción para Asumir Representación Legal y Solicitud de Autorización de Ejecución de Sentencia*.[3] En esta, alegó que la señora Rivera no había satisfecho lo ordenado en la *Sentencia*. A su vez, informaron que la hipoteca había sido inscrita por el Registro de la Propiedad. Junto a la moción, la parte incluyó un estudio de título. Así pues, solicitó autorización para ejecución de la *Sentencia*.

El 31 de enero de 2024, el foro recurrido notificó una *Resolución*.[4] En virtud de esta, determinó que aún faltaba la adjudicación de la acción de ejecución de hipoteca, puesto que, solo habían atendido la

---

[2] *Sentencia*, anejo II, págs. 2-6 del apéndice del recurso.
[3] *Moción para Asumir Representación Legal y Solicitud de Autorización de Ejecución de Sentencia*, anejo III, págs. 7-11 del apéndice del recurso.
[4] *Resolución*, anejo IV, págs. 12-13 del apéndice del recurso.

reclamación en cobro de dinero. Como consecuencia, declaró *No Ha Lugar* a la solicitud de la parte peticionaria.

En desacuerdo, el 1 de febrero de 2024, la parte peticionaria presentó una *Moción en Reconsideración a Resolución*.[5] En esencia, arguyó que la *Sentencia* del caso es final, firme e inapelable, y de la cual surgía que una vez demostraran que la hipoteca había sido inscrita, se ordenaría la ejecución de la hipoteca. Por lo tanto, solicitaron la autorización de la ejecución de sentencia, incluyendo la acción de ejecución de hipoteca.

El 14 de febrero de 2024, el foro primario notificó una *Resolución*, en la cual indicó que el derecho de hipoteca es constitutivo, por lo que, la hipoteca debía estar inscrita en el Registro de la Propiedad para que existiera.[6] Así las cosas, reiteró que cuando habían presentado la demanda, y hasta que había dictado sentencia, la hipoteca no estaba inscrita. Finalmente, determinó que "no existía una causa de acción de ejecución de hipoteca que el Tribunal de Instancia hubiese podido adjudicar en su *Sentencia*."

El 14 de mayo de 2024, Oriental presentó una *Moción Para Que se Dicte Sentencia Enmendada*.[7] En esta, solicitaron que fuera enmendada la *Sentencia*, para que puedan contemplar la acción sobre ejecución de hipoteca, y continuar con los procedimientos.

---

[5] *Moción en Reconsideración a Resolución*, anejo V, págs. 14-15 del apéndice del recurso.
[6] *Resolución*, anejo VI, págs. 16-17 del apéndice del recurso.
[7] *Moción Para Que se Dicte Sentencia Enmendada*, anejo VII, págs. 18-21 del apéndice del recurso.

Sin embargo, el 5 de septiembre de 2024, mediante *Orden*, el foro primario denegó la solicitud instada por la parte peticionaria.[8]

Inconforme, el 4 de octubre de 2024, la parte peticionaria presentó el *certiorari* de epígrafe, mediante el cual sostuvo los siguientes señalamientos de errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO HACER VALER LO DETERMINADO EN UNA SENTENCIA DICTADA, CUYA EJECUCIÓN FUE CONDICIONADA A SOMETER EVIDENCIA QUE ACREDITARA LA INSCRIPCIÓN DE LA HIPOTECA.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO PERMITIR LA EJECUCIÓN DE LA HIPOTECA, UNA VEZ EL REGISTRO DE LA PROPIEDAD INSCRIBIÓ LA HIPOTECA, CUYA INSCRIPCIÓN SE RETROTRAE A SU FECHA DE PRESENTACIÓN.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE SENTENCIA ENMENDADA, A LOS FINES DE CONTEMPLAR LA ACCIÓN SOBRE EJECUCIÓN DE HIPOTECA, LA CUAL NO HABÍA SIDO DESESTIMADA, Y PERMITIR LA CONTINUACIÓN DE LOS PROCESOS, UNA VEZ EL REGISTRO DE LA PROPIEDAD INSCRIBIÓ LA HIPOTECA.

El 11 de octubre de 2024, emitimos una *Resolución* en la cual le concedimos quince (15) días a la recurrida para que presentara su oposición.

Transcurrido el término dispuesto, la recurrida no compareció a presentarnos su postura. Consecuentemente, declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición, conforme a Derecho.

**II.**

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de*

---

[8] *Orden*, anejo I, pág. 1 del apéndice de recurso.

*León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I*, *supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIJ*, *supra*.

Es menester destacar que una determinación referente a asuntos post-sentencia es revisable mediante el recurso de *certiorari*, puesto que de otro modo no sería revisable. *IG Builders et al. v. BBVAPR*, *supra*. Una vez determinado que el *certiorari* es el recurso adecuado, corresponde evaluar dicha solicitud al amparo de lo dispuesto en la Regla 40 del Reglamento de este Tribunal, la cual establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación

de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

A tenor con estos criterios, como foro revisor, tenemos la obligación de obrar con discernimiento judicial en nuestra intervención para no interrumpir a destiempo el trámite ante el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 98. De esta forma, de no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

**III.**

Comenzamos por reiterar que el *certiorari* es, en efecto, el mecanismo adecuado para la revisión del dictamen recurrido. Ello, en la medida que el caso de autos se encuentra en etapa post sentencia, toda vez que la *Sentencia* en este caso fue notificada por el foro primario el 10 de enero de 2017.

En el caso de autos, mediante los señalamientos de error planteados por la parte peticionaria alega, en esencia, que el foro primario incidió al no permitir la ejecución de la hipoteca una vez demostraron que la hipoteca había sido inscrita. Sostiene que, solicitó una enmienda a la sentencia para que contuviese los datos

de inscripción, y se pudiera llevar a cabo la ejecución de la sentencia. Como consecuencia, plantea que al foro *a quo* denegar el remedio solicitado los dejó desprovisto del remedio al que tiene derecho.

No obstante, luego de evaluar los documentos presentados, en el ejercicio de la discreción que como foro revisor nos otorga la Regla 40 de nuestro Reglamento, *supra*, y al amparo de los criterios que surgen de la referida disposición, resolvemos abstenernos de intervenir para variar el dictamen aquí recurrido.

Nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o post sentencia en los que el foro primario haya sido arbitrario, cometido un craso abuso de discreción o cuando surja un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Por lo tanto, concluimos que en el recurso presentado no se demostró que el foro *a quo* haya cometido alguno de estos escenarios.[9]

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] En la *Sentencia* emitida por el foro primario el 19 de diciembre de 2016, el tribunal se reservó el derecho de hacer los pronunciamientos de rigor, una vez la hipoteca estuviera inscrita en el Registro de la Propiedad.